UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRANDON HARRINGTON, *et al.*,

                Plaintiffs,

   -against-                                               1:18-CV-152 (LEK/DJS)

SAINT-GOBAIN PERFORMANCE
PLASTICS CORP.,

                Defendant.

## DECISION AND ORDER

### I. INTRODUCTION

This action is one of many filed in this District by residents of the Village of Hoosick Falls, New York against defendant Saint-Gobain Performance Plastics Corporation alleging that its local McCaffrey Street manufacturing facility released dangerous amounts of Perfluorooctanoic Acid ("PFOA") into their drinking water, soil, and ambient air. Dkt. No. 1 ("Complaint") ¶¶ 34–40.[1] According to the Complaint, Defendant used PFOA in the process of making Teflon and other products, but studies have linked PFOA exposure to an increased risk of various adverse health conditions, including high blood pressure, pregnancy complications, and kidney and testicular cancer. Id. ¶¶ 20, 28–30.

Plaintiffs Brandon Harrington and his minor children, S.H. and T.H., live on a property (the "Property") next to the McCaffrey Street facility. Id. ¶ 9, Ex. A. They assert claims for

---

[1] See also, e.g., R.M. Bacon, LLC v. Saint-Gobain, No. 17-CV-441, 2018 WL 1010210, at *1 (N.D.N.Y. Feb. 20, 2018); Baker v. Saint-Gobain, 232 F. Supp. 3d 233, 239 (N.D.N.Y. 2017); Donavan v. Saint-Gobain, No. 16-CV-924, 2017 WL 3887904, at *6 (N.D.N.Y. Sept. 5, 2017); Benoit v. Saint-Gobain, No. 16-CV-1057, 2017 WL 4331032, at *1 (N.D.N.Y. Aug. 16, 2017).

negligence, strict liability, nuisance, and trespass based on Defendant's discharge of PFOA and other hazardous substances, which they allege migrated from the facility into their groundwater, drinking water, and soil. Id. ¶¶ 59–97. Defendant has moved to dismiss. Dkt No. 15 ("Motion"), 15-1 ("Defendant's Memorandum").

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In determining whether a complaint states a "plausible" claim, the Court may disregard "threadbare recitals of the elements of a cause of action" or mere "labels and conclusions . . . devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). But it takes "factual allegations to be true and draws all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To "'nudge[ ] their claims across the line from conceivable to plausible,'" plaintiffs must only "'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Citizens United v. Schneiderman, 882 F.3d 374, 380 (2d Cir. 2018) (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

This Court has concluded that comparable allegations that Saint-Gobain contaminated other Hoosick Falls residents' soil or drinking water are actionable in negligence and strict liability, Bacon, 2018 WL 1010210, at *8–9; Donovan, 2017 WL 3887904, at *5–6; Baker, 232 F. Supp. 3d at 246, as well as in trespass and nuisance, id. at 247–49; see also Scribner v. Summers, 84 F.3d 554, 557–59 (2d Cir. 1996) (barium contamination through swale); Ivory v.

2

Int'l Bus. Machines Corp., 983 N.Y.S.2d 110, 116 (N.Y. App. Div. 2014) (trichloroethylene contamination of soil through groundwater).[2] In this case, Defendant asserts that the Complaint lacks allegations suggesting that the Property was contaminated. Def's Mem. at 3–4. However, the Complaint states on the first page that Defendant "contaminat[ed] . . . Mr. Harrington's property," Compl. ¶ 2, and repeats the allegation throughout, id. ¶¶ 34 (stating that Defendant "contaminated" "the soils and groundwaters at the McCaffrey Street Site and nearby properties, including the Harrington Property"), 52–55 (same).

Furthermore, Plaintiffs allege that the Property abuts the McCaffrey Street Facility and lies within the area classified by state and federal environmental agencies as a hazardous waste disposal site in need of remediation due to the high levels of PFOA measured at the McCaffrey Street Site and migrating to the surrounding areas. Id. ¶¶ 9, 44, 49–51.[3] Saint-Gobain even used a

---

[2] In Baker, the Court dismissed the nuisance claims of the plaintiffs who drew their water from the public water supply because their injury was "so general and widespread as to affect a whole community" and therefore was a public nuisance that only a public officer could sue to abate. 232 F. Supp. 3d at 248 (quoting 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 750 N.E.2d 1097, 1105 (2001)). However, the claims of plaintiffs who got their water from private wells survived because they "suffered special injury beyond that suffered by the community at large." Id. at 249 (quoting Baity v. Gen. Elec. Co., 927 N.Y.S.2d 492, 495–96 (N.Y. App. Div. 2011)). Defendant does not argue that the harm Plaintiffs' allege—contamination of not just their groundwater, but their soil by Defendant's discharges next-door—is not a "special injury" distinct from those of other Hoosick Falls residents. See Scribner, 84 F.3d at 559 (finding that barium migration to neighboring property was private nuisance).

[3] Defendant asserts that "[a]lthough the Complaint alleges that the [Environmental Protection Agency ("EPA")] has defined the Superfund site for the McCaffrey Street facility to include the Harrington Property (Compl. ¶ 51), [Plaintiffs] offer no basis or support for that conclusion. Indeed, the EPA's summary of the National Priorities List ("NPL") listing of Saint-Gobain's McCaffrey Street facility does not imply or suggest that any real property other than that facility currently comprises the NPL site." Def's Mem. at 8 n.4. In other words, Defendant objects that Plaintiffs have not pled evidence to support the fact that their Property is part of the Superfund site. However, they need not do so at this juncture. Arista Records, LLC v. Doe 3, 604 F.3d 110, 120–21 (2d Cir. 2010).

portion of the Property as a parking lot for its facility. Id. ¶¶ 56–58. The Complaint also states that Defendant's PFOA discharges contaminated the public wells near the facility and private wells farther from it. Id. ¶¶ 35–36; accord Dkt. No. 15-3 ("NPL Summary").[4] Finally, it alleges that individuals residing near industrial facilities using PFOA including the McCaffrey Street facility have shown blood serum levels as high as 500 parts per billion (125 times the national average). Compl. ¶ 125. Taken as true, these facts make it plausible that Defendant's PFOA discharges contaminated the Property's soil and the water Plaintiffs consumed, have accumulated in Plaintiffs' bodies, and have "substantial[ly] . . . interfered" with Harrington's right to use and enjoy his home. Scribner, 84 F.3d at 559; Ivory, 983 N.Y.S.2d at 116.

Defendant also recites the elements of gross negligence and conclude that the complaint does not allege facts to meet them. Def's Mem. at 10. However, "[i]ssues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Trs. of Int'l Union of Operating Eng'rs Local 30 Benefits Funds v. Nyack Hosp., 975 F. Supp. 2d 365, 372 (S.D.N.Y. 2013). To the extent that Defendant is attempting to argue that Plaintiff' allegations do not suggest "a reckless disregard for the rights of others" or "intentional wrongdoing," AT&T v. City of New York, 83 F.3d 549, 556 (2d Cir. 1996), the Court declines to address the argument at this stage.

The Court also declines to dismiss Plaintiffs' request for a declaratory judgment. "Simply because a declaratory judgment claim overlaps with other claims or defenses is not . . . a

---

[4] Defendant attached the EPA's NPL Summary for the McCaffrey Street Site to its Motion to Dismiss. The Complaint incorporates the document by reference. Compl. ¶ 50. Therefore, the Court may consider it. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

4

sufficient reason to dismiss the claim at the pleading stage." Int'l Bus. Machs. Corp. v. BGC Partners, Inc., No. 10-CV-128, 2010 WL 1924715, at *3 (S.D.N.Y. May 12, 2010). The pleadings allege that efforts to remedy the PFOA contamination at the McCaffrey Street site, in the public wells nearby, and in the surrounding areas in Hoosick Falls are ongoing. Compl. ¶¶ 43–51. Saint-Gobain has been participating in those efforts and, depending on whether the Court declares it responsible for the contamination, may decide to do more. Id. ¶¶ 35–42, 43–51. Therefore, it is plausible that a declaratory "judgment will serve a useful purpose in clarifying and settling the legal relations in issue," or "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to th[is] proceeding" and others. Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992).

Defendant is correct, however, that Harringon's minor children do not own the Property, Compl. ¶ 6, and therefore cannot state claims for nuisance or trespass to it, Ivory, 983 N.Y.S.2d at 116–17; Swearingen v. Long, 889 F. Supp. 587, 591–92 (N.D.N.Y. 1995).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Motion (Dkt. No. 15) is **GRANTED** with respect to minor plaintiffs S.H. and T.H.'s claims for nuisance and trespass and **DENIED** in all other respects.

**IT IS SO ORDERED.**

DATED: November 01, 2018
Albany, New York

Lawrence E. Kahn
U.S. District Judge